**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 18-14424-CIV-MAYNARD**

WENDY WOPSHALL,

     **Plaintiff,**

v.

TRAVELERS HOME & MARINE INS. CO.,

     **Defendant.**

_____/

## ORDER ON PLAINTIFF'S REQUEST FOR CERTIFICATION FOR INTERLOCUTORY APPEAL (DE 34)

**THIS CAUSE** comes before this Court upon the Plaintiff's Request for Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b). Having reviewed the Motion, Response, and Reply, this Court finds as follows:

1.    In her previous Motion to Remand (DE 8) the Plaintiff argued that the Defendant removed her lawsuit from state court to this federal court too late. That is, that the Defendant removed this case after the 30 days that 28 U.S.C. § 1446(b) gave it to do so. In its Order (DE 32) on the Plaintiff's Motion to Remand, this Court discussed the two 30-day time periods that § 1446(b) imposes for seeking removal and what triggers each to begin running. After applying the facts as the Plaintiff pleaded them and as the parties otherwise represented them in that motion's briefing, this Court found the first 30-day clock of §

1446(b)(1) not to apply. Following the "bright line" approach (as this Court called it), this Court limited consideration to the four corners of the Plaintiff's initial complaint, and that pleading did not show the amount in controversy to exceed $75,000. Next this Court considered the second 30-day clock of § 1446(b)(3). This Court found the Plaintiff's Motion for Leave to Amend Complaint to be the first written paper that the Defendant received from the Plaintiff that informed the Defendant that the amount in controversy might exceed $75,000. Because the Defendant sought removal within 30 days of that pleading, the Defendant's Notice of Removal was timely under the (b)(3) clock and thus its Notice of Removal was procedurally proper.

2.   The Plaintiff asks to appeal that ruling and to do so immediately as an interlocutory appeal. The Plaintiff seeks to test whether the "bright line" approach is the correct standard for determining whether a Notice of Removal meets § 1446(b)'s timeliness requirement. The Plaintiff points to a different approach, an approach akin to what this Court called the "intelligently ascertainable" approach in footnote 1 to the Order (DE 32). The Plaintiff argues that her pre-lawsuit demand letter should have put the Defendant on notice that the amount in controversy exceeds $75,000, and because of that knowledge, the Defendant had to seek removal within 30 days of her initial

complaint as § 1446(b)(1) requires. In support of that approach
the Plaintiff cites Pessoa v. AllState Ins. Co., 2012 WL
12902744 (S.D.Fla. 2012) which expressly applied § 1446(b)(1) in
that way, and she cites Salsberry v. RT West Palm Beach
Franchise, Ltd., 2014 WL 12479403 (S.D.Fla. 2014) and Grossi v.
State Farm Mut. Auto. Ins. Co., 2014 WL 12703739 (M.D.Fla. 2014)
which implicitly used the same approach.

    3.    The Plaintiff's appeal request rests on the existence
of two different approaches that are evident in district court
decisions but for which there is no binding Eleventh Circuit
case law that governs. Despite that apparent conflict in the
case law, the Plaintiff still does not show an appealable issue
as applied to the facts of this particular case. This is because
the approach that the Plaintiff advocates directs the same
outcome that this Court already reached. The difference between
the "bright line" and "intelligently ascertainable" approaches
(as this Court calls them) and the legal question over which one
is the correct approach is a moot point in this particular case.

    4.    To explain why, this Court refers to the fact-findings
that it reached in its prior Order (DE 32). At ¶2 thereof, this
Court noted how, before she filed her lawsuit, the Plaintiff had
demanded payment of the full $100,000 of her uninsured motorist
policy benefit. That does not mean that the amount in

controversy exceeded $75,000, however. As this Court explained
at ¶1, the Defendant's uninsured motorist policy was a secondary
source of coverage. It obligated the Defendant to pay claims
that remained after the primary insurer---the tortfeasor's
bodily injury liability policy---had paid its benefit. As this
Court explained at ¶¶2—4, all of the correspondence between the
Plaintiff and the Defendant up to the time when the Plaintiff
filed her lawsuit had implied an amount in controversy of
between $47,000 and $50,000 (and thus below the $75,000 needed
for federal matter subject jurisdiction). That was the amount of
medical bills that the primary insurer had left unpaid.
Therefore, even if that outside knowledge---outside of what the
Plaintiff pleaded in her initial complaint---were included for
consideration, the value of her claim still was just $50,000.
Even under the Plaintiff's preferred "intelligently
ascertainable" approach, the Defendant still did not have a
reason to perceive an amount in controversy above $75,000, and
consequently the Defendant was under no imperative to seek
removal at that time.

    5.    Thereafter, on August 28, 2018, the Defendant offered
to pay the Plaintiff the full $100,000 value, as this Court
noted at ¶8. That was the first written correspondence that
placed the value of the Plaintiff's uninsured motorist policy

claim above $75,000. However the plain language of § 1446(b)(3) renders it irrelevant for purposes of the timeliness determination. Only written correspondence <u>from the Plaintiff</u> to the Defendant is relevant. It was not until the Plaintiff filed her Motion for Leave to Amend Complaint when the Defendant first received a written document <u>from the Plaintiff</u> that showed the amount in controversy to exceed $75,000, as this Court concluded at ¶20.

6.    Even if the Plaintiff prevails on appeal and has her preferred method for determining when the 30-day removal clock begins to run accepted, it would not change the outcome. Even under the Plaintiff's preferred method, the Defendant's Notice of Removal still was timely filed. The issue that the Plaintiff seek to appeal therefore is moot. For that reason, it is,

**ORDERED AND ADJUDGED** that the Plaintiff's Request for Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (DE 34) is **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 15th day of May, 2019.

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE