UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-14424-CIV-MAYNARD

WENDY WOPSHALL,

    Plaintiff,

v.

TRAVELERS HOME & MARINE INS. CO.,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER TO PLAINTIFF'S COMPLAINT (DE 62)

**THIS CAUSE** comes before this Court upon the above Motion. Having reviewed the Motion, Response, and Reply, this Court finds as follows:

1. Underlying this lawsuit is a motor vehicle accident. The Plaintiff alleges that Joseph Rubino negligently operated his vehicle and collided into her car. That collision, the Plaintiff furthers, caused her injuries. The Plaintiff settled her negligence claim with Mr. Rubino. However his insurance policy did not fully compensate the Plaintiff for all of her claimed damages. To recover her still outstanding damages, the Plaintiff filed a claim against her own insurer, the Defendant, and the underinsured/uninsured motorist ("UM") policy that she has with it. The Plaintiff now brings this lawsuit to compel the Defendant to pay that full UM policy benefit. Her Complaint is found at page 3 of DE 1—2. The Defendant's Answer to her Complaint begins at page 58 of DE 1—2.

2. The Defendant now seeks to amend its Answer by adding an additional affirmative defense. For that additional affirmative defense, which will be Paragraph 23 of its Amended Answer, the Defendant will plead that:

> the damages claimed within Plaintiff's Complaint are the result of the acts or omissions of other persons or entities who are not parties to this cause of action, to wit: the unknown motorist who waved Joseph Rubino across the road prior to the accident. [The Defendant] relies on the doctrine of Fabre v. Marin, 623 So.2d 1182 (Fla. 1993). See also, Nash v. Wells Fargo Guard Services, Inc., 678 So.2d 1262 (Fla. 1996); Wells v. Tallahassee Memorial Regional Medical Center, 659 So.2d 249 (Fla. 1995). This non-party may have caused or contributed to the Plaintiff's alleged damages in causing the accident. [The Defendant] also relies on the provisions of the Florida Tort Reform Act, Florida Statute § 768.71 et seq. and the provisions of Florida's Uniform Contribution Among Tortfeasors, Florida Statute § 768.31 et seq.

The Defendant thereby contends that another person shares in the liability. Its proposed Amended Answer is found at DE 62—3.

3. Florida law apportions liability amongst joint tortfeasors. Under Florida law, the fact-finder (jury) determines the percentage share of each tortfeasor's comparative fault. That apportionment process may include tortfeasors who are not even party to the lawsuit. Should a defendant believe that a nonparty shares in the liability, Florida law requires the defendant to plead that claim as an affirmative defense. See Ventrudo v. U.S., 205 F.Supp.3d 1298, 1300-01 (M.D.Fla. 2016) (summarizing the law governing nonparty apportionment and also stating the elements of the negligence cause of action in the motor vehicle accident context).

4. That is what the Defendant seeks to do here. The Defendant contends that a third driver, the one who allegedly waved Mr. Rubino across traffic, is jointly liable with Mr. Rubino for the Plaintiff's injuries. The Plaintiff objects to the addition of that § 768.81(3)(a) nonparty tortfeasor and opposes the addition of that affirmative defense. This Court disagrees with the Plaintiff. This Court sees no reason to deny the Defendant leave to plead it.

5. To begin with, this Court sees no procedural bar. The Defendant did not learn about the nonparty (the person who had waved Mr. Rubino across traffic) until Mr. Rubino's deposition on August 27, 2019. It is true that one and a half months passed before the Defendant

filed the instant Motion. However that is not unreasonable length of time given the still early posture of this case. The parties have until March 20, 2020 to complete discovery. Nor does this Court discern any prejudice to the Plaintiff. The Plaintiff will have ample time to investigate the issue and to develop her defense to it. Thirdly a court should give leave to amend "freely . . . when justice so requires." See Rule 15(a)(2), Fed.R.Civ.P. The Plaintiff makes no specific demonstration of bad faith or unreasonable delay by the Defendant that would override the leniency of Rule 15(a)(2).

6. This Court sees no substantive basis for denying leave to amend, either. It is true that the Defendant leaves the nonparty unidentified; it does not refer to him by name. However, at this early stage in the case's development, that shortcoming is not an insurmountable pleading defect. See Southern-Owners Ins. Co. v. Duffield Aluminum, Inc., 2018 WL 2041363, *2 (N.D.Fla. 2018) (noting how a defendant may seek to apportion liability with a nonparty so long as the defendant names the responsible nonparty at some point "before trial"). The Defendant pleads the affirmative defense with all details presently known. Allowing the Defendant to raise the affirmative defense in its present form now at least will put the Plaintiff on notice of the § 768.81(3)(a) apportionment liability theory that it seeks to pursue. See Waite v. AII Acquisition Corp., 2016 WL 2346768, *12 (S.D.Fla. 2016) and Williams v. Mosaic Fertilizer, LLC, 2015 WL 12835676 (M.D.Fla. 2015) (allowing the defendants to replead their § 768.81(3)(a) affirmative defenses with greater specificity in part because they already had raised it as a defense in their original answers).

7. At some point the Defendant will have to come forward and plead the affirmative defense with greater specificity than it does now. That includes both the name of the nonparty and the exact theory of how the nonparty acted negligently in a way that contributed to the

accident for which the nonparty should be found liable. Florida law requires the Defendant to plead its apportionment liability affirmative defense with that degree of specificity so long as it is done at some point before trial. Florida law requires the Defendant to do so before it may ask the jury to consider the nonparty's comparative fault. Consequently this Court sets a deadline by which the Defendant must replead its Paragraph 23 Affirmative Defense to bring it into full compliance with all requirements for pleading an alleged § 768.81(3)(a) nonparty joint tortfeasor apportionment theory. See, e.g., Total Containment Solutions, Inc. v. Glacier Energy Services, Inc., 2015 WL 13805861 *1-2 (M.D.Fla. 2015) (summarizing governing federal case law on how to plead § 768.81(3)(a) nonparty liability apportionment sufficiently so that the defendant may raise that issue at the jury trial). See also, Millette v. Tarnove, 435 Fed.Appx. 848, 852 (11th Cir. 2011) (setting forth the pleading standard on which the above-cited cases rely). The Defendant shall do so by January 21, 2020. That gives the Plaintiff two months before the period of discovery ends on March 20, 2020 to develop her defense. It also gives the parties time to test the sufficiency of the affirmative defense through a dispositive motion. That way the issue will be fully developed and any questions of law will be answered before the start of the jury trial.

It is therefore,

**ORDERED AND ADJUDGED** that the Defendant's Motion for Leave to File an Amended Answer (DE 62) is **GRANTED**. The Defendant may file its proposed Amended Answer and Affirmative Defenses separately into the record within five (5) days of the date of this Order. This Court imposes upon the Defendant the additional requirement of filing a Second Amended Answer and Affirmative Defense by January 21, 2020 where the Defendant will amend the Paragraph 23 Affirmative Defense by pleading with specificity (1) the name and

identity of the nonparty and (2) its theory of how that nonparty was negligent and how liability for the Plaintiff's damages may be apportioned to that nonparty.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 4th day of November, 2019.

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE